**REISSUED FOR PUBLICATION**
**JUN 15 2018**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

ORIGINAL

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 17-1040V
### (Not to be published)

**FILED**

APR 1 2 2018

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
TIFFANY S. GAITER on behalf of D.S.G.,        *
a minor,                                      *
                                              *
                  Petitioner,                 *
                                              *
        v.                                    *
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
                  Respondent.                 *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Filed: April 12, 2018

Dismissal of Claim; Vaccine Act;
Statute of Limitations; Denial
Without a Hearing.

*Tiffany S. Gaiter*, *pro se*, Saginaw, MI, for Petitioner.

*Heather Lynn Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ORDER DISMISSING 2002 CLAIM AS UNTIMELY[1]

On August 2, 2017, Tiffany Gaiter filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program") on behalf of her son, D.S.G.[2] ECF No. 1. Petitioner alleged that D.S.G. suffered from autism or autism-like symptoms as a result of the measles-mumps-rubella ("MMR") vaccine he received on May 22, 2002. Petition at 1. Petitioner further alleged that D.S.G. suffered significant aggravation of his symptoms due to an additional dose of MMR received on July 16, 2014. *Id.*

---

[1] Although this Order has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Order will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Order in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

This case was originally assigned to Special Master Moran, but was transferred to me after Petitioner began filing medical records. *See* Notice of Reassignment, dated Jan. 18, 2018 (ECF No. 10). Shortly thereafter, I held a status conference on February 7, 2018, to discuss the case's progression thus far. At that conference, I raised questions concerning the overall viability of Petitioner's claims. Specifically, I expressed concerns that Petitioner's claim relating to the 2002 MMR vaccination was likely time-barred under the Vaccine Act's statute of limitations period. *See* Status Report Order, dated Feb. 7, 2018 (ECF No. 13). I also explained to Petitioner that it is possible to establish "equitable tolling" of the Vaccine Act in rare circumstances. *See* Status Report Oder, dated Feb. 7, 2018 (ECF No. 13). I noted, however, that Petitioner's assertion that the Centers for Disease Control and Prevention ("CDC") committed fraud in its failure to release reports detailing a link between the MMR vaccine and African American males under 36 months of age is unlikely to constitute grounds for tolling (as the validity of similar such evidence has been addressed in other decisions).

The statute of limitations prescribed by the Vaccine Act is three years, or thirty-six months. Section 16(a)(2). Thus, the period in which to bring a Program claim terminates "after the expiration of 36 months after the date of the occurrence of the first symptom of manifestation of onset or of the significant aggravation of such injury." *Id.* The statute begins to run from the manifestation of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis. *Carson v. Sec'y of Health & Human Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013). Special masters have appropriately dismissed cases that were filed outside the limitations period, even by a single day or two. *See, e.g., Spohn v. Sec'y of Dep't of Health & Human Servs.*, No. 95-0460V, 1996 WL 532610 (Fed. Cl. Spec. Mstr. Sept. 5, 1996) (dismissing case filed one day beyond thirty-six-month limitations period), *mot. for review denied*, (Fed. Cl. Jan. 10, 1997), *aff'd*, 132 F.3d 52 (Fed. Cir. 1997).

In this case, D.S.G. received the MMR vaccine on May 22, 2002. According to Petitioner's own statements, D.S.G. began to experience adverse symptoms (including loss of language skills, reduced responsiveness, and reduced eye contact) "within months" following his 2002 vaccination. Pet. at 2. The majority of medical records filed to date, however, are from 2001 (pre-vaccination), and discuss D.S.G.'s health history from early birth. *See generally* Ex. 9 (ECF No. 8-11). Petitioner filed no records related to the 2002 MMR vaccine (apart from the proof of vaccination). The earliest filed record after the 2002 MMR vaccine (a 2004 speech and language therapy evaluation) indicates that as of September 20, 2004, D.S.G. was experiencing reduced expressive communication and language skills. Ex. D (ECF No. 1-4) at 6. A school district psychological record from 2005 notes that D.S.G. was exhibiting a developmental pattern consistent with autism at that time. Ex. E (ECF No. 1-5) at 5. Subsequent records from 2006-2008 also indicate that D.S.G. had a clinical history of autism for which treatment was being sought. *See* Ex. 9 at 1; Ex. G (ECF No. 1-7) at 23.

Given all of the above, the available record best supports the conclusion that D.S.G.'s symptoms developed at some point between September 2002 (two months post-vaccination) and

September 2004 (the date of the language therapy evaluation). Assuming the latter is the relevant onset, Petitioner would have needed to file the claim no later than September 2007--over ten years ago. Petitioner's claim is thus plainly time-barred.

The Federal Circuit has held that the doctrine of equitable tolling can apply to Vaccine Act claims in limited circumstances. *See Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1340-41 (Fed. Cir. 2011). These limited circumstances have been enumerated to include fraud and duress--but not, for example, lack of awareness on a petitioner's part that she might have an actionable claim. *Id.* at 1344-45. In the present matter, Petitioner alleges some fraudulent activity relating to her claim. As mentioned above, Petitioner specifically maintains that CDC scientists "strategically omitted vital data" from a report suggesting that African American males receiving the MMR vaccine while under 36 months of age were at an increased risk for autism, thereby failing to disclose evidence that concealed the actionability of this claim. *See* Response to Motion to Dismiss, filed on Oct. 19, 2017 (ECF No. 8) ("Response") at 1-8; Amended Response, filed on Feb. 1, 2018 (ECF No. 12) at 2-5.

While fraud may be acceptable grounds for equitable tolling, the <u>facts of this case</u> do no suggest that fraud occurred. Similar cases alleging fraudulent concealment of information by the CDC have been repeatedly dismissed as unpersuasive with regard to the tolling argument. *See, e.g.*, *Krenik v. Sec'y of Health & Human Servs.*, No. 03-2755V, 2014 WL 4387219, at *9 (Fed. Cl. Spec. Mstr. July 25, 2014). In addition, even if concealment had occurred, Petitioner has not demonstrated that she relied upon it in failing to prosecute this claim sooner. It is well-settled in the Program that tolling of the Vaccine Act's statute of limitations period is not triggered "due to unawareness of a causal link between an injury and administration of a vaccine." *Cloer*, 654 F.3d at 1345.

**Thus, this claim is dismissed because it was not filed within the statute of limitations.**

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master