ORIGINAL

**REISSUED FOR PUBLICATION**
**AUG 3 2018**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1040V
(not to be published)

**FILED**

**JUL -6 2018**

**U.S. COURT OF FEDERAL CLAIMS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TIFFANY S. GAITER *on behalf of* D.S.G., \*
*a minor*, \*
                 Petitioner, \*
   v. \*
                              \*
SECRETARY OF HEALTH \*
AND HUMAN SERVICES, \*
                              \*
                 Respondent. \*
                              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Corcoran

Filed: July 6, 2018

*Tiffany Gaiter, pro se*, Saginaw, MI, for Petitioner.

*Heather Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On August 2, 2017, Tiffany Gaiter, on behalf of her minor son, D.S.G., filed a *pro se* petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] In it, Petitioner alleged that (a) the measles-mumps-rubella ("MMR") vaccine D.S.G. received on May 22, 2002, caused him to develop an autism spectrum disorder ("ASD"); and (b) a second dose of the MMR vaccine he received in July 2014 significantly aggravated his existing developmental condition. Petition at 1. The Petition was accompanied

---

[1] Although I am not formally designating this Decision for publication, it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

by some medical records.

The month after the case's initiation, Respondent filed a motion to dismiss the claim, arguing that any claim based upon the 2002 vaccination was time-barred, and that Petitioner could not otherwise establish that the 2014 dose of MMR vaccine D.S.G. received had significantly aggravated his ASD. *See* Motion, filed September 20, 2017 (ECF No. 7). Petitioner responded to the motion on October 19, 2017, arguing that certain acts of federal governmental agencies (in particular, the Centers for Disease Control ("CDC")) had intentionally obscured from public view the capacity of the MMR vaccine to cause autism in certain demographic groups, and that this (corroborated with her medical records and allegations) supported her claim. Opposition, dated October 19, 2017 (ECF No. 8).The matter was subsequently assigned to me.

In February 2018, I held a status conference with the parties, at which time I outlined my concerns to Petitioner about her claim's reasonable basis. *See* Order, dated February 7, 2018 (ECF No. 13). I specifically explained to Petitioner that any claim based on a vaccine received in 2002 was very likely time-barred, and that her arguments about government misconduct as justifying tolling of the three-year statute of limitations applicable to Vaccine Act claims had been unsuccessfully advanced by other petitioners before. Order at 1. I also informed her that, given the extensive prior review in the Vaccine Program of claims that the MMR vaccine was associated with autism and their overall lack of success, a significant aggravation claim was not likely to be successful. *Id.* at 2.[3] I therefore ordered Petitioner to indicate to me by March 30, 2018, how she wished to proceed with her claim. *Id.* at 3. Petitioner responded to my Order on March 19, 2018, referring only to allegations contained in her Petition and prior response to the dismissal motion. *See* March 19, 2018 filing (ECF No. 15).

I issued an Order on April 12, 2018, dismissing the part of Petitioner's claim pertaining to the 2002 vaccination as time-barred. Order, dated April 12, 2018 (ECF No. 19). I subsequently held a second status conference with the parties, at which time I reiterated to Petitioner my view that the remaining significant aggravation claim (based on the 2014 vaccination) was timely but lacked reasonable basis, for the reasons previously discussed. Order, dated May 2, 2018, at 1 (ECF No. 21). I therefore ordered Petitioner to show cause why the remaining claim should not be dismissed. *Id.* at 2. I specifically indicated that Petitioner needed to "cite all favorable law and precedent supporting her claim" in any such filing. *Id.*

Ms. Gaiter filed a response to my Order on June 11, 2018. *See* Response (ECF No. 23).

---

[3] The special masters presiding over the test cases in the Omnibus Autism Proceedings (the "OAP"), after extensive research and testimony, rejected theories of causation connecting the MMR vaccine to autism. *See e.g., Cedillo v. Sec'y of Health & Human Servs.*, No. 98-916V, 2009 WL 331968 (Fed. Cl. Spec. Mstr. Feb. 12, 2009), *mot. for review den'd*, 89 Fed. Cl. 158 (2009), *aff'd*, 617 F.3d 1328 (Fed. Cir. 2010); *Dwyer v. Sec'y of Health & Human Servs.*, No. 03-1202V, 2010 WL 892250 (Fed. Cl. Spec. Mstr. Mar. 12, 2010).

2

In it, she expresses frustration with my reaction to her claim, and my refusal to allow its development despite the prior on-point decisions pertaining to autism and vaccines. She also reiterates her prior arguments about alleged CDC misconduct in hiding evidence pertaining to causation, alleging that my April dismissal of her 2002-based claim was unfair. Response at 1. Petitioner did not, however, cite any record evidence she maintained could support her claim, nor did she make any effort to distinguish the substantial body of case law that I had previously informed Petitioner made her claim unviable.[4]

Respondent filed a brief reacting to Petitioner's response on June 27, 2018. Reply (ECF No. 25). He observes that Petitioner's response did not comply with my earlier Show Cause Order, and therefore (in accordance with his September 2017 motion to dismiss) the remaining significant aggravation claim warranted dismissal. Reply at 1-2.

## ANALYSIS

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that D.S.G. suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that D.S.G.'s autism or developmental problems were significantly aggravated by the vaccinations received. (*see* § 11(c)(1)(C)(i)-(ii)).

After careful review of the medical records, and Petitioner's filings I conclude that Petitioner will not be able to establish preponderant evidence in favor of her significant aggravation claim, and therefore the matter should not proceed, even if expert reports have not yet been obtained. My decision is rooted in both the facts of this case as well as applicable decisions in previously-litigated matters involving causation theories highly similar to the present. *See* ECF Nos. 13 and 21. The theory that vaccines can cause autism or developmental injuries (in the absence of proof of encephalopathy) have rarely been successful; I find no compelling reason here to diverge from those holdings, as Petitioner has not offered evidence

---

[4] Petitioner's responses to Respondent's Motion to Dismiss (ECF Nos. 8, 12) in the fall of 2017 (and early 2018) are similarly devoid of any persuasive argument linking D.S.G.'s 2014 MMR vaccine to a significant aggravation of his existing autism diagnosis, or differentiating the present matter from claims litigated under similar circumstances. Rather, in both, Ms. Gaiter maintains that the alleged fraudulent withholding of information by the CDC (suggesting a link between the MMR vaccine and autism in African American males under 36 months of age) supports an award of compensation in the instant case. At most, Petitioner differentiates her claim from similar, unsuccessful autism claims by arguing that past MMR cases did not take into account the alleged fraudulent withholding of information by the CDC. She also attempts to address the *Althen* prongs by arguing that information excluded from the CDC study supports entitlement via a causation-in-fact claim. However, allegations relating to fraudulent activity by a government agency is not sufficient to satisfy the *Althen* three-prong test. And in any event, the document cited in support (ECF No. 8-3) is a statement released by a law firm, and includes no medical or scientific discussion. Petitioner's responses otherwise cite no supportive record evidence corroborating a vaccine-induced significant aggravation of D.S.G.'s existing autism diagnosis.

3

showing why D.S.G.'s case is different from those already decided, nor has she suggested a novel theory not previously considered. Moreover, there is a lack of record evidence (as well as treater statements) supporting the conclusion that D.S.G.'s autism was made worse by his 2014 MMR vaccine. At best, the record suggests that Petitioner *herself* informed treaters that D.S.G. exhibited a worsening of symptoms following the MMR vaccine. *See, e.g.*, Ex. 11 (7/31/2003 appointment noting a parental concern for speech delay and regression, but making no mention of any vaccination).[5] However, such evidence does not establish a causal link between an injury and a vaccination.

Furthermore, the decision to deny compensation in claims alleging a significant aggravation of autism following the receipt of a vaccination is consistent with prior decisions of other special masters. *See, e.g., Hooker v. Sec'y of Health & Human Servs.*, No. 02-472V, 2016 WL 3456435, at *45 (Fed. Cl. Spec. Mstr. May 19, 2016) (causation theory relating to a significant aggravation of an existing autism diagnosis was "not at all persuasive"); *Long v. Sec'y of Health & Human Servs.*, No. 08-792V, 2015 WL 1011740, at *18 (Fed. Cl. Spec. Mstr. Feb. 9, 2015) (petitioner did not suffer from a vaccine-induced significant aggravation of an existing autism diagnosis where "worsening [of symptoms] seem[ed] likely to have been the result of the normal course of autism"); *Richard v. Sec'y of Health & Human Servs.*, No. 02-877V, 2010 WL 2766742, at *5 (Fed. Cl. Spec. Mstr. May 3, 2010) (petitioners "failed to present . . . facts that plausibly suggest[ed]" a worsening of an existing autism diagnosis) (internal quotation marks omitted)). As noted above, Petitioner has offered no evidence distinguishing the present matter from cases decided under similar circumstances, despite my allowing her the opportunity to do so.

Given the above, the claim as alleged lacks reasonable basis, and is appropriately dismissed. In so doing, I am aware of Petitioner's disappointment, and her fervent desire (motivated by a reasonable wish to provide good care for D.S.G.) to proceed with the claim. But I must balance such concerns against the waste of judicial resources that will be occasioned by allowing this matter to go forward. My experience and reasoned judgment tells me (based on review of the record) that this claim will not succeed where countless others failed. Because Petitioner has not – despite due opportunity – shown otherwise, I must **DISMISS** her claim.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

---

[5] Of note, Exhibit 11 appears to be the only medical record cited in Petitioner's briefs in support of her claim (including the show cause response and the responses to Respondent's Motion to Dismiss filed in the fall of 2017). *See* ECF No. 8 at 14. Moreover, Petitioner's assertion of a worsening of symptoms appears to be directed toward D.S.G.'s initial MMR vaccination in 2002, and not the vaccination received in 2014 (as the record is from 2003). In any event, the record is not supportive of any significant aggravation injury following the 2014 vaccination.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4

IT IS SO ORDERED.

_____
Brian H. Corcoran
Special Master