# In the United States Court of Federal Claims

### No. 17-1040V
### Filed: March 29, 2019
### Reissued for Publication: April 17, 2019[1]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

| | |
|---|---|
| **TIFFANY S. GAITER o/b/o and as next friend of D.S.G., a minor,** | \* <br> \* <br> \* |
| **Petitioner,** | \* <br> \* |
| **v.** | \* <br> \* |
| **SECRETARY OF HEALTH AND HUMAN SERVICES,** | \* <br> \* |
| **Defendant.** | \* <br> \* <br> \* |

Pro Se Petitioner; Vaccine Act; Motion for Review; Jurisdiction.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

**Tiffany S. Gaiter**, pro se, on behalf of D.S.G., a minor, Saginaw, MI.

**Heather L. Pearlman**, Assistant Director, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for respondent. With her was **Catherine E. Reeves**, Deputy Director, Torts Branch, Civil Division, **C. Salvatore D'Alessio**, Acting Director, Torts Branch, and **Joseph H. Hunt**, Assistant Attorney General, Civil Division.

## OPINION

**HORN, J.**

### FINDINGS OF FACT

On August 2, 2017, Ms. Gaiter filed a pro se petition on behalf of her minor son, D.S.G., seeking compensation through the National Vaccine Injury Compensation Program, under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 300aa-34 (2012) (Vaccine Act). On May 22, 2002, Ms. Gaiter indicates that her son received a first dose of the measles, mumps, and rubella (MMR) vaccine. "Within months" of receiving the May 22, 2002 MMR vaccine, Ms. Gaiter alleges that her son, D.S.G., "lost words & failed to gain new ones, he stopped responding to his name & made minimal eye contact all autism like symptoms."[2]

---

[1] This Opinion was issued under seal on March 29, 2019. The parties did not propose any redactions to the March 29, 2019 Opinion, and the court, therefore, issues the Opinion without redactions for public distribution.

[2] When quoting from documents filed by petitioner, the court has left petitioner's capitalization, choice of words, spelling choices, grammatical choices, and fragments of sentences unchanged from the quoted document.

An August 25, 2017 letter signed by Dr. Robert Thill, which was submitted to the Special Master by petitioner, states:

> [D.S.G.] is currently under my medical care.
> His vaccine dosing schedule is different from recommended schedule because his parents chose to delay immunizations when [D.S.G.] was young. Our office is now a mandatory vaccine office and we no longer allow them to delay or refuse immunizations. Specifically the MMR vaccine was refused by mother for a few years despite our recommendation to receive the MMR vaccine. This is why his immunizations have some large gaps in time between them.

Ms. Gaiter states that, "[w]ith no new evidence against the MMR shot, I allowed my son to recived the second 'continued use dose' of the shot (per the CDC)10 years later in July 2014." Ms. Gaiter asserts that the July 2014 second dose MMR vaccination aggravated D.S.G.'s condition.

According to Ms. Gaiter's petition:

> Recently it was bought to my attention by Rep. Bill Posey of Florida(2015 hearing) that there IS link between African American males receiving the MMR shot before 36 months developing autism like symptoms. A research team headed by Dr. Destefano including Dr. Thompson of the CDC; which under the US government jurisdiction informs & sets the guidelines for vaccinations, knowinly withheld information from the African American community for 6-7 years about the connection.

Ms. Gaiter attached to her petition a copy of an October 14, 2014 letter from Dr. Brian Hooker, which also was signed by Dr. Andrew Wakefield and a lawyer named James Moody, to the Centers for Disease Control (CDC) and the United States Department of Health and Human Services. According to the October 14, 2014 letter, a research team found "statistically significant associations between the age of first MMR and autism in (a) the entire autism cohort, (b) African-American children, and (c) children with 'isolated' autism." The October 14, 2014 letter also accuses the CDC of "research misconduct" involving "scientists working in the National Immunization Program and the National Center on Birth Defects and Developmental Disabilities, right up to officials at the highest levels of the CDC, including the Director." In her petition, Ms. Gaiter argues:

> The CDC failed to tell African Americans there was a link, no matter how minor between African American American males who received the MMR shot before 36 months of age and the development of autism like symptoms. In short, the government withheld information which would hinder my ability to make a sound and accurate decision for my child.

Ms. Gaiter's son is African American and in her petition she seeks compensation of $1,500,000.00.

On April 12, 2018, after Ms. Gaiter and the government both submitted briefs to the Special Master, the Special Master assigned to Ms. Gaiter's case, Special Master Brian Corcoran,[3] issued an Order dismissing the petitioner's claim related only to the first dose of the MMR vaccine D.S.G. received in 2002.[4] See Gaiter v. Sec'y of Health & Human Servs., No. 17-1040V, 2018 WL 3030961 (Spec. Mstr. Fed. Cl. Apr. 12, 2018), appeal dismissed, No. 2018-2172, 2018 WL 7051506 (Fed. Cir. Sept. 25, 2018). In the April 12, 2018 Order, the Special Master stated:

> In this case, D.S.G. received the MMR vaccine on May 22, 2002. According to Petitioner's own statements, D.S.G. began to experience adverse symptoms (including loss of language skills, reduced responsiveness, and reduced eye contact) "within months" following his 2002 vaccination. The majority of medical records filed to date, however, are from 2001 (pre-vaccination), and discuss D.S.G.'s health history from early birth. Petitioner filed no records related to the 2002 MMR vaccine (apart from the proof of vaccination). The earliest filed record after the 2002 MMR vaccine (a 2004 speech and language therapy evaluation) indicates that as of September 20, 2004, D.S.G. was experiencing reduced expressive communication and language skills. A school district psychological record from 2005 notes that D.S.G. was exhibiting a developmental pattern consistent with autism at that time. Subsequent records from 2006-2008 also indicate that D.S.G. had a clinical history of autism for which treatment was being sought.

> Given all of the above, the available record best supports the conclusion that D.S.G.'s symptoms developed at some point between September 2002 (two months post-vaccination) and September 2004 (the date of the language therapy evaluation). Assuming the latter is the relevant onset,

---

[3] The above-captioned case originally was assigned to Special Master Christian J. Moran. On January 18, 2018, the above-captioned case was reassigned to Special Master Corcoran.

[4] The Special Master's April 12, 2018 Order originally was incorrectly docketed as a "Decision." The Special Master directed the United States Court of Federal Claims Clerk's Office to strike the docket entry listing his filing as a "Decision" and instructed the Clerk's Office to redocket his April 12, 2018 Order as an "Order," which the Clerk's Office did on April 12, 2018. Thereafter, the Special Master held a status conference with Ms. Gaiter and the government on May 2, 2018, prior to when Ms. Gaiter filed her June 25, 2018 "NOTICE OF APPEAL." Even if construed as a motion for review, the June 25, 2018 "NOTICE OF APPEAL" was filed well beyond the thirty day time limitation for filing a motion for review of the Special Master's April 12, 2018 Order and the motion would have been untimely. Moreover, Ms. Gaiter's notice of appeal specifically states that she is appealing the Special Master's "Order Dissmusing 2002 Claim as untimely."

Petitioner would have needed to file the claim no later than September 2007--over ten years ago. Petitioner's claim is thus plainly time-barred.

Id. at *2 (internal references omitted).

Although Ms. Gaiter had argued before Special Master Corcoran that the doctrine of equitable tolling applied to her claim involving D.S.G.'s MMR vaccine in 2002, the Special Master determined that the doctrine of equitable tolling was inapplicable to Ms. Gaiter's claim involving the 2002 MMR vaccine. See id. The Special Master stated:

> While fraud may be acceptable grounds for equitable tolling, the facts of this case do not suggest that fraud occurred. Similar cases alleging fraudulent concealment of information by the CDC have been repeatedly dismissed as unpersuasive with regard to the tolling argument. See, e.g., Krenik v. Sec'y of Health & Human Servs., No. 03-2755V, 2014 WL 4387219, at *9 (Fed. Cl. Spec. Mstr. July 25, 2014). In addition, even if concealment had occurred, Petitioner has not demonstrated that she relied upon it in failing to prosecute this claim sooner.

Id. (emphasis in original). The Special Master, therefore, dismissed Ms. Gaiter's claim regarding the 2002 vaccine received by D.S.G. because Ms. Gaiter did not file her petition regarding the 2002 vaccine within the thirty-six month statute of limitations period prescribed by the Vaccine Act. See id.

On May 2, 2018, the Special Master held a status conference with Ms. Gaiter and the government, and, that same day, issued an Order directing Ms. Gaiter "to show cause why her significant aggravation claim [involving the 2014 MMR vaccine D.S.G. received] should not be dismissed" on or before June 22, 2018. On June 11, 2018, Ms. Gaiter filed a response to the Special Master's Order directing Ms. Gaiter to show cause why her claim involving the 2014 MMR vaccination should not be dismissed, in which Ms. Gaiter argued that "due to your [the Special Master's] jaded views on cases involving the MMR vaccine and autism; my case is 'dead in the water' under your review."

On June 25, 2018, Ms. Gaiter filed a document titled "NOTICE OF APPEAL," which stated that Ms. Gaiter was providing "[n]otice" of an "appeal to the United States Court of Appeals for the Federal Circuit from the Order Dissmusing 2002 Claim as untimely." (capitalization in original). In her notice of appeal, Ms. Gaiter included the Special Master's April 12, 2018 Order dismissing Ms. Gaiter's claim involving the MMR vaccine D.S.G. received in 2002, as well as Ms. Gaiter's June 11, 2018 response to the Special Master's May 2, 2018 Order to show cause.

On July 6, 2018, the Special Master issued a Decision addressing Ms. Gaiter's petition and her claim involving the MMR vaccination D.S.G. received in 2014. See Gaiter v. Sec'y of Health & Human Servs., No. 17-1040V, 2018 WL 3991229 (Spec. Mstr. Fed. Cl. July 6, 2018). The Special Master stated that "there is a lack of record evidence (as

well as treater statements) supporting the conclusion that D.S.G.'s autism was made worse by his 2014 MMR vaccine." Id. at *3. According to the Special Master:

> Furthermore, the decision to deny compensation in claims alleging a significant aggravation of autism following the receipt of a vaccination is consistent with prior decisions of other special masters. See, e.g., Hooker v. Sec'y of Health & Human Servs., No. 02-472V, 2016 WL 3456435, at *45 (Fed. Cl. Spec. Mstr. May 19, 2016) (causation theory relating to a significant aggravation of an existing autism diagnosis was "not at all persuasive"); Long v. Sec'y of Health & Human Servs., No. 08-792V, 2015 WL 1011740, at *18 (Fed. Cl. Spec. Mstr. Feb. 9, 2015) (petitioner did not suffer from a vaccine-induced significant aggravation of an existing autism diagnosis where "worsening [of symptoms] seem[ed] likely to have been the result of the normal course of autism"); Richard v. Sec'y of Health & Human Servs., No. 02-877V, 2010 WL 2766742, at *5 (Fed. Cl. Spec. Mstr. May 3, 2010) (petitioners "failed to present . . . facts that plausibly suggest[ed]" a worsening of an existing autism diagnosis) (internal quotation marks omitted)). As noted above, Petitioner has offered no evidence distinguishing the present matter from cases decided under similar circumstances, despite my allowing her the opportunity to do so.

Id. (alterations in original). The Special Master, therefore, dismissed Ms. Gaiter's petition. See id. The Special Master also indicated in the July 6, 2018 Decision that, "[i]n the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court)," the Clerk of the United States Court of Federal Claims shall enter judgment. Id. Neither party filed a motion for review, and the Clerk of the United States Court of Federal Claims entered judgment dismissing Ms. Gaiter's petition on August 9, 2018.

On July 13, 2018, the Clerk's Office for the United States Court of Federal Claims transmitted Ms. Gaiter's June 25, 2018 notice of appeal to the United States Court of Appeals for the Federal Circuit, although judgment had not yet been entered by the Clerk of the United States Court of Federal Claims. On July 20, 2018, the Federal Circuit docketed Ms. Gaiter's appeal. On August 23, 2018, the government filed a motion to dismiss Ms. Gaiter's appeal for lack of jurisdiction because Ms. Gaiter had not filed a motion for review with the United States Court of Federal Claims before filing her June 25, 2018 notice of appeal. On August 24, 2018, Ms. Gaiter filed her corrected opening brief in the United States Court of Appeals for the Federal Circuit.[5]

On September 25, 2018, the United States Court of Appeals for the Federal Circuit issued an Order, issued as a mandate, addressing the government's August 23, 2018 motion to dismiss. See Gaiter v. Sec'y of Health & Human Servs., No. 2018-2172, 2018

---

[5] On August 1, 2018, Ms. Gaiter had attempted to file her opening brief, which the Federal Circuit had rejected as being non-compliant because the opening brief was not signed, was not complete, and contained unredacted personally identifiable information.

WL 7051506 (Fed. Cir. Sept. 25, 2018). In the Federal Circuit's September 25, 2018 Order, the Federal Circuit stated:

> We agree with the Secretary that under these circumstances this court cannot reach the merits of the special master's decisions. As the Secretary correctly notes, the statutory scheme governing Vaccine Act cases "makes appeal to the Court of Federal Claims a prerequisite for appeal to this court." Grimes v. Sec'y of Health & Human Servs., 988 F.2d 1196, 1198 (Fed. Cir. 1993); see also Mahaffey v. Sec'y of Dep't of Health & Human Servs., 368 F.3d 1378, 1382-83 (Fed. Cir. 2004) (reaffirming Grimes). And here, Ms. Gaiter is seeking this court's direct review of the special master's decisions.
>
> While we may not review the merits of the appellants' case under the current procedural posture, it is possible that Ms. Gaiter's notice of appeal filed at the Claims Court could be construed as a premature request for the Claims Court to review the special master's decision that ripened upon the special master's decision finally disposing of the case or alternatively that it would be in the interest of justice for the Claims Court to consider the merits of the special master's decisions. See Greenberg v. Sec'y of Health & Human Servs., 646 F. App'x 985, 988 (Fed. Cir. 2016). This court therefore remands to the Claims Court to consider Ms. Gaiter's submission.

Id. at *1.

Although the Federal Circuit's September 25, 2018 Order was issued as a mandate and remanded the above-captioned case to the United States Court of Federal Claims, unfortunately, not until December 12, 2018, did the Clerk's Office of the United States Court of Federal Claims refile Ms. Gaiter's June 25, 2018 notice of appeal as a motion for review "pursuant to the Court of Appeals for the Federal Circuit's Mandate of September 25, 2018." Thereafter, on the same day, the Clerk's Office assigned above-captioned case to the undersigned. On December 13, 2018, the undersigned issued an Order reflecting the unexplained gap in time between the Federal Circuit's September 25, 2018 Order and the December 12, 2018 notice of assignment and directed the government to respond to Ms. Gaiter's notice of appeal that had been redocketed as a motion for review.

On January 10, 2019, the government filed a response to Ms. Gaiter's motion for review, which argued that Ms. Gaiter's motion for review should be dismissed for lack of jurisdiction. According to the government, the statutes governing this court's jurisdiction over motions for review provide that this court only may review a "Decision" of a Special Master, not an "Order" of a Special Master that does not entirely resolve a petition, and that a motion of review must be filed within thirty days of the Special Master's "Decision." The government argues that, if this court does have jurisdiction, the court should reject Ms. Gaiter's motion for review because the Special Master's April 12, 2018 Order and July 6, 2018 Decision "were supported by the record and in accordance with law." On

January 28, 2019, Ms. Gaiter filed a reply in support of her motion for review, in which she argued that the Special Master abused his discretion when he dismissed her petition.

## DISCUSSION

The Federal Circuit's September 25, 2018 Order, issued as a mandate, directed this court to determine whether "it is possible that Ms. Gaiter's notice of appeal filed at the Claims Court could be construed as a premature request for the Claims Court to review the special master's decision that ripened upon the special master's decision finally disposing of the case." <u>Gaiter v. Sec'y of Health & Human Servs.</u>, 2018 WL 7051506, at *1. The parties currently before this court, however, dispute whether this court can review Ms. Gaiter's June 25, 2018 notice of appeal, which the United States Court of Federal Claims Clerk's Office subsequently redocketed as a motion for review. Ms. Gaiter argues:

> [A]ccording to App. [Appendix] B Rule 32. Notice of Appeal To appeal a decision of the Court of Federal Claims, a party must file a notice of appeal with the clerk of the United States Court of Appeals for the Federal Circuit (i.e., a petition for re view under 42 U.S.C. § 300aa-12(f)) within 60 days after the date of the entry of judgment.

Ms. Gaiter asserts "I was instructed by the Special Master when my son's case was done, not certain sections, I had the right to appeal and I would be given a timeframe by the court." According to Ms. Gaiter's reply in support of the motion for review, "I do not feel my case should be dismissed as I have and ALWAYS will, answer, pay every fee and accept every phone call."

Defendant, however, argues that the court does not have jurisdiction in the above-captioned case, and that the "petitioner's premature appeal of the [Special Master's] April Order is insufficient to invoke this Court's review." Defendant contends that the statutory provisions relevant to cases under the Vaccine Act "make two things clear: that only a 'decision' is subject to review by this Court, and that the 30-day appeal period commences 'upon issuance of the special master's decision.' Regarding the first issue, this Court has previously concluded that an order is insufficient to invoke this Court's jurisdiction." Defendant argues that permitting Ms. Gaiter's June 25, 2018 notice of appeal of the Special Master's April 12, 2018 Order regarding D.S.G.'s first dose of the MMR vaccine in 2002 to serve as a motion for review of the Special Master's subsequent July 6, 2018 Decision on the case as a whole "could potentially result in the untenable practice of allowing a 'place holder appeal' to be filed at any point in any case. Such an outcome is clearly contrary to the plain language of the [Vaccine] Act."

Under the Vaccine Act, a Special Master "to whom a petition has been assigned shall issue a decision on such petition with respect to whether compensation is to be provided under the Program and the amount of such compensation." 42 U.S.C. § 300aa-12(d)(3)(A) (2018). Rule 10 (2018) of the Vaccine Rules of the United States Court of Federal Claims (Vaccine Rules), which is titled "Decision of the Special Master," similarly indicates that a Special Master "will issue a decision on the petition with respect to

whether an award of compensation is to be made and, if so, the amount thereof." Vaccine Rule 10(a).

The Special Master's "decision" then "may be reviewed by the United States Court of Federal Claims in accordance with subsection (e)." 42 U.S.C. § 300aa-12(d)(3)(A). The statute at 42 U.S.C. § 300aa-12(e) (2018) states:

> (1) Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Court of Federal Claims a motion to have the court review the decision. If such a motion is filed, the other party shall file a response with the clerk of the United States Court of Federal Claims no later than 30 days after the filing of such motion.

> (2) Upon the filing of a motion under paragraph (1) with respect to a petition, the United States Court of Federal Claims shall have jurisdiction to undertake a review of the record of the proceedings and may thereafter--

> > (A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

> > (B) set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

> > (C) remand the petition to the special master for further action in accordance with the court's direction.

42 U.S.C. § 300aa-12(e)(1)-(2); see also Vaccine Rule 23(a) (2018) ("To obtain review of the special master's decision, a party must file a motion for review with the clerk within 30 days after the date the decision is filed."). Vaccine Rule 23(b) states that no extensions of time in which to file a motion for review may be granted, and that "the failure of a party to file a motion for review in a timely manner will constitute a waiver of the right to obtain review." Vaccine Rule 23(b). The legislative history of the Vaccine Act states: "The conferees have provided for a limited standard for appeal from the [special] master's decision and do not intend that this procedure be used frequently, but rather in those cases in which a truly arbitrary decision has been made." H.R. Rep. No. 101-386, at 517 (1989) (Conf. Rep.), reprinted in 1989 U.S.C.C.A.N. 3018, 3120.

If neither party files a motion for review in accordance with the rules articulated above, the Clerk of the United States Court of Federal Claims shall enter judgment in accordance with the Special Master's Decision. 42 U.S.C. § 300aa-12(e)(3); see also Vaccine Rule 11 (2018). If, however, a motion for review is timely filed with the United States Court of Federal Claims, a judge of the United States Court of Federal Claims will review the motion for review, and the "findings of fact and conclusions of law of the United States Court of Federal Claims on a petition shall be final determinations of the matters

involved." 42 U.S.C. § 300aa-12(f) (2018); <u>see also</u> Vaccine Rules 26-27 (2018). The Clerk of the United States Court of Federal Claims will enter judgment in accordance with the judge's "decision on review." Vaccine Rule 30(a) (2018). Only then may the parties obtain review of the United States Court of Federal Claims' "judgment" by filing a "petition" with the United States Court of Appeals for the Federal Circuit within sixty days of "the date of judgment." 42 U.S.C. § 300aa-12(f); <u>see also</u> Vaccine Rule 32 (2018) (stating that a party may appeal a Decision of the United States Court of Federal Claims by filing a notice of appeal with the United States Court of Appeals for the Federal Circuit within sixty days of the entry of judgment).

In the context of a motion for review, the jurisdiction of the United States Court of Federal Claims "is limited to reviewing decisions of the special master." <u>See</u> <u>Lemire v. Sec'y of Health & Human Servs.</u>, 60 Fed. Cl. 75, 79 (2004) (citing <u>Spratling v. Sec'y of Health & Human Servs.</u>, 37 Fed. Cl. 202, 203 (1997)). "The trigger for our jurisdiction is thus the issuance of a 'decision on [the vaccine act] petition,' which the act indicates resolves the question of 'whether compensation is to be provided' and, if so, 'the amount of such compensation.'" <u>J.T. v. Sec'y of Health & Human Servs.</u>, 125 Fed. Cl. 164, 166 (2016) (alteration in original) (quoting 42 U.S.C. § 300aa-12(d)(3)(A)); <u>see</u> <u>Weiss v. Sec'y of Health & Human Servs.</u>, 59 Fed. Cl. 624, 626 (2004) (citing <u>Widdoss v. Sec'y of Health & Human Servs.</u>, 989 F.2d 1170, 1175 (Fed. Cir.), <u>cert. denied</u>, 510 U.S. 944 (1993)); <u>see also</u> <u>Vessels v. Sec'y of Health & Human Servs.</u>, 65 Fed. Cl. 563, 567 (2005) ("<u>Lemire</u>, <u>Weiss</u> and <u>Spratling</u> are all in accord with the principle that this Court's Vaccine Act jurisdiction extends only to the special masters' final decisions regarding compensation."). Judges of the United States Court of Federal Claims have explained that reviewing a Special Master's "interim" Order "would unduly interfere with the special master's duties" and "would make vaccine proceedings subject to time-consuming interruptions and piecemeal appellate review." <u>See</u> <u>Spratling v. Sec'y of Health & Human Servs.</u>, 37 Fed. Cl. at 203; <u>see also</u> <u>Warfle ex rel. Guffey v. Sec'y of Health & Human Servs.</u>, 92 Fed. Cl. 361, 364 (2010) (determining that the review of a Special Master's "interim orders" "would open the door to a variety of piecemeal appeals, a development that plainly would encroach upon the Special Masters' ability to manage efficiently their substantial caseloads" (citing <u>Firestone Tire & Rubber Co. v. Risjord</u>, 449 U.S. 368, 374 (1981))).

In <u>Weiss v. Secretary of Health & Human Services</u>, a judge of the United States Court of Federal Claims addressed whether she could review a Special Master's Order, in which the Special Master determined that a proffered expert was not qualified to give a neurological diagnosis and dismissed one of the petitioner's three claims pending before the Special Master. <u>Weiss v. Sec'y of Health & Human Servs.</u>, 59 Fed. Cl. at 625. The <u>Weiss</u> court stated that "the statute contemplates that a 'decision' by a special master will resolve the ultimate issues in the case, including whether compensation is appropriate and if it is, its quantum." <u>Id.</u> at 626 (citing <u>Widdoss v. Sec'y of Health & Human Servs.</u>, 989 F.2d at 1175). According to the <u>Weiss</u> court, "there could be no entry of judgment in the instant case because there are alternate claims of a Table measles infection and autism pending, and the special master has not yet determined whether petitioners are entitled to compensation or, if so, in what amount." <u>Id.</u> Because the Special Master's

Order regarding the proffered expert and one of the petitioner's three claims was not a final Decision, the <u>Weiss</u> court concluded that it lacked jurisdiction over the motion for review filed in that case, as "there is no basis in the Vaccine Act, the Rules of the Court of Federal Claims or the Vaccine Rules to warrant the Court's review of this interim ruling." <u>Id.</u> at 627; <u>see also</u> <u>J.T. v. Sec'y of Health & Human Servs.</u>, 125 Fed. Cl. at 167 (stating that a motion for review of a Special Master's Order did not "trigger" the United States Court of Federal Claims' jurisdiction when "[c]ompensation for the vaccine injury has not yet been awarded nor has quantum been established"); <u>Lemire v. Sec'y of Health & Human Servs.</u>, 60 Fed. Cl. at 80 (finding that the United States Court of Federal Claims lacked jurisdiction over a Special Master's Order because the Order was not a final Decision indicating whether compensation was to be awarded and the amount of such compensation if awarded); <u>Spratling v. Sec'y of Health & Human Servs.</u>, 37 Fed. Cl. at 203 (concluding that the United States Court of Federal Claims lacked jurisdiction over a motion for review when the Special Master had not yet issued a final Decision on the petition).

In the above-captioned case, Ms. Gaiter filed a petition on behalf of D.S.G. asserting a right to compensation as a result of the MMR vaccine D.S.G. received in 2002, as well as the MMR vaccine D.S.G. received in 2014, which Ms. Gaiter asserts aggravated D.S.G.'s condition. In the Special Master's April 12, 2018 Order, the Special Master first dismissed Ms. Gaiter's claim involving the MMR vaccine D.S.G. received in 2002 because the 2002 claim was not timely filed within the statute of limitations prescribed by the Vaccine Act. <u>Gaiter v. Sec'y of Health & Human Servs.</u>, 2018 WL 3030961, at *2. The Special Master's April 12, 2018 Order, however, did not address the merits of Ms. Gaiter's claim involving the MMR vaccine D.S.G. received in 2014 or indicate that the Special Master was dismissing that claim or the case as a whole. <u>See id.</u> Indeed, the Special Master's April 12, 2018 Order specifically is titled "ORDER DISMISSING 2002 CLAIM AS UNTIMELY," which constituted only a portion of the claims in Ms. Gaiter's petition. (capitalization in original). Moreover, the Special Master did not indicate in the April 12, 2018 Order that Ms. Gaiter had a right to seek review of the Special Master's April 12, 2018 Order in the United States Court of Federal Claims or the United States Court of Appeals for the Federal Circuit. <u>See id.</u>

On May 2, 2018, the Special Master held a status conference with the parties, and, that same day, issued an Order stating that "the status conference was held to discuss procedural and substantive issues relating to her [Ms. Gaiter's] remaining significant aggravation claim," regarding the second MMR vaccine received by D.S.G. in 2014. The Special Master's May 2, 2018 Order instructed Ms. Gaiter to file a "brief showing cause why her significant aggravation claim should not be dismissed due to a lack of reasonable basis," which Ms. Gaiter filed on June 11, 2018. In Ms. Gaiter's June 11, 2018 filing, Ms. Gaiter asserted "I am ready for your judgment, so I can start the appeals process. Perhaps that is God's way of guiding my case to someone's 'stack' who is unjaded enough to read it."

On June 25, 2018, before the Special Master issued a Decision regarding Ms. Gaiter's claim involving D.S.G.'s 2014 MMR vaccine and before the Special Master made

a final ruling as to the merits of Ms. Gaiter's petition, Ms. Gaiter filed a notice of appeal, which indicated that Ms. Gaiter was appealing the Special Master's April 12, 2018 Order. Subsequently, on July 6, 2018, the Special Master issued a Decision dismissing Ms. Gaiter's entire petition and addressing the 2014 MMR vaccine D.S.G. received. See Gaiter v. Sec'y of Health & Human Servs., 2018 WL 3991229, at *3. The Special Master's July 6, 2018 Decision stated:

> The theory that vaccines can cause autism or developmental injuries (in the absence of proof of encephalopathy) have rarely been successful; I find no compelling reason here to diverge from those holdings, as Petitioner has not offered evidence showing why D.S.G.'s case is different from those already decided, nor has she suggested a novel theory not previously considered. Moreover, there is a lack of record evidence (as well as treater statements) supporting the conclusion that D.S.G.'s autism was made worse by his 2014 MMR vaccine.

Id. The Special Master also stated that, "[i]n the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court)," the Clerk of the United States Court of Federal Claims shall enter judgment. Id. On August 9, 2018, the Clerk of the Court entered judgment dismissing the above-captioned case "pursuant to Vaccine Rule 11(a)."

Because the Special Master's April 12, 2018 Order only dismissed a portion of the petitioner's claims for compensation, as in Weiss, the April 12, 2018 Order left open the possibility of compensation under petitioner's other claim involving the 2014 MMR vaccine D.S.G. received, which, as of April 12, 2018, remained pending before the Special Master. The Special Master's April 12, 2018 Order was not a "Decision" subject to review in the United States Court of Federal Claims because the April 12, 2018 Order did not did not determine "whether compensation is to be provided under the Program and the amount of such compensation." See 42 U.S.C. § 300aa-12(d)(3)(A); see also Vaccine Rule 10(a). Thus, when Ms. Gaiter filed her June 25, 2018 notice of appeal of the Special Master's April 12, 2018 Order, the Special Master had not yet entered a "Decision" that was subject to review under 42 U.S.C. § 300aa-12(e)(1)-(2) or Vaccine Rule 23(a). Because the Special Master had not yet issued a Decision when Ms. Gaiter filed her June 25, 2018 notice of appeal, the court lacks jurisdiction over Ms. Gaiter's notice of appeal, even if construed retroactively titled as a motion for review. The case law discussed above has consistently indicated, and is supported by the text of the Vaccine Act, that this court does not have jurisdiction over a motion for review involving a Special Master's Order that does not determine whether compensation is to be provided and, if compensation is to be provided, the amount of such compensation.

The Special Master did, however, issue a Decision dismissing Ms. Gaiter's petition on July 6, 2018. As noted above, Vaccine Rule 23 requires that a party seeking review of a Special Master's Decision file a motion for review within thirty days of when the Decision is filed, and states that "[n]o extensions of time will be permitted under this rule and the failure of a party to file a motion for review in a timely manner will constitute a waiver of the right to obtain review." Vaccine Rule 23(a)-(b); see Betancourt v. Sec'y of Health &

Human Servs., 81 Fed. Cl. 447, 448 (2008) ("[G]iven that the time period to file the motion for review is statutorily mandated, the Court would not be in a position to grant an extension or otherwise waive the time limitation, were plaintiff to request such action." (citations omitted)). The docket in the above-captioned case indicates that, after the Special Master issued his July 6, 2018 dismissing Ms. Gaiter's petition, Ms. Gaiter did not file any documents during the statutory thirty-day time period with the United States Court of Federal Claims, let alone a document which this court could construe as a motion for review. There is nothing on the docket in this case in the thirty days following the Special Master's July 6, 2018 Decision that could be used to satisfy the requirement of filing a motion for review under Vaccine Rule 23. The lack of a filing by Ms. Gaiter after the Special Master issued his July 6, 2018 Decision is reflected in the August 9, 2018 judgment entered by the Clerk of the United States Court of Federal Claims pursuant to Vaccine Rule 11(a), which states, "[i]f a motion for review under Vaccine Rule 23 is not filed within 30 days after either the filing of the special master's decision under Vaccine Rule 10 or the entry of an order of dismissal under Vaccine Rule 21(b), the clerk will enter judgment immediately." See Vaccine Rule 11(a). Even given Ms. Gaiter's pro se status, and the possible confusion she may have been under that she had already filed an appeal, there does not appear to be a mechanism in the statutory framework of the Vaccine Act or the Vaccine Rules which would permit the "ripen[ing]" of a premature motion for review involving an interim Order, over which this court lacks jurisdiction, into a jurisdictionally sound, timely motion for review upon the issuance of a Special Master's Decision.[6] Perhaps in the future in a similar situation, particularly in pro se cases, the final Decision could emphasize the need to file a motion for review in this court after the Decision has been issued, notwithstanding that the petitioner previously incorrectly had filed a "NOTICE OF APPEAL."[7]

In its September 25, 2018 Order, the United States Court of Appeals for the Federal Circuit also directed that the court review, "alternatively," whether "it would be in the interest of justice for the Claims Court to consider the merits of the special master's decisions," and cited Greenberg v. Secretary of Health & Human Services, 646 F. App'x

---

[6] Moreover, the court notes that the Special Master's conclusions regarding Ms. Gaiter's two claims are supported by the evidence in the record presented by petitioner and by law. Ms. Gaiter, following the onset of D.S.G.'s autism after receiving the 2002 first dose MMR vaccine, did not file a petition within the thirty-six month statute of limitations prescribed by the Vaccine Act, and the doctrine of equitable tolling does not apply in the above-captioned case. Regarding Ms. Gaiter's claim involving the 2014 MMR vaccine received by D.S.G., the record before the court indicates that the Special Master correctly concluded that Ms. Gaiter had not supported her claim that the 2014 MMR vaccine significantly aggravated D.S.G.'s condition.

[7] Although the Special Master's July 6, 2018 Order did state that, in the absence of a timely filed motion for review, the Clerk of the United States Court of Federal Claims would enter judgment, the Special Master's July 6, 2018 Order did not address Ms. Gaiter's June 25, 2018 notice of appeal to the United States Court of Appeals for the Federal Circuit. The docket in the above-captioned case also indicates that the Special Master did not issue an Order regarding Ms. Gaiter's June 25, 2018 notice of appeal.

985, an unpublished Federal Circuit Opinion. See Gaiter v. Sec'y of Health & Human Servs., 2018 WL 7051506, at *3. In Greenberg, the Greenbergs had filed a petition on behalf of a child alleging that the child's autism had been caused by an MMR vaccine. Greenberg v. Sec'y of Health & Human Servs., 646 F. App'x at 986. On December 8, 2014, a Special Master issued a Decision dismissing the Greenbergs' petition. See id. at 987. The Greenbergs did not file a motion for review within the thirty-day time period for filing such a motion. See id. On February 3, 2015, however, the Greenbergs moved for reconsideration of the Special Master's December 8, 2014 Decision, which, thereafter, the Special Master denied on March 20, 2015. See id. at 988.

Prior to the Special Master's March 20, 2015 denial of the Greenbergs' motion for reconsideration, however, the Greenbergs filed a "'Notice of Review'" with the United States Court of Appeals for the Federal Circuit on March 12, 2015. Id. According to the Federal Circuit:

> On June 10, 2015, we concluded that we lacked jurisdiction [over the Greenbergs' March 12, 2015 appeal], because our jurisdiction does not encompass direct review of special masters' decisions. see Grimes v. Sec'y of Dep't of Health & Human Servs., 988 F.2d 1196, 1198 (Fed. Cir. 1993). We transferred the Greenbergs' notice of review to the Court of Federal Claims in part—not for review by that court of the January 2015 judgment (time had run out on obtaining any such review), but for possible review of the special master's March 2015 order denying reconsideration.
>
> The Court of Federal Claims, acting "in the interest of justice," reviewed and affirmed the special master's order refusing reconsideration as not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Greenberg v. Sec'y of Health & Human Servs., No. 08-24V, 2015 WL 6684703, at *2-3 (Fed. Cl. Nov. 2, 2015).

Greenberg v. Sec'y of Health & Human Servs., 646 F. App'x at 988 (internal reference omitted). Specifically, the United States Court of Federal Claims, in an unpublished Opinion, stated:

> Rule 36 applies the guidelines of our Court Rules 59 and 60 in assessing a motion for relief from a judgment. However, as noted by the Special Master, the relief provided in Vaccine Rule 36 is not intended as a substitute for appeal. Vessels v. HHS, 65 Fed. Cl. 563, 569 (2005), Lemire v. HHS, 60 Fed. Cl. 75, 78 (2004). Nevertheless, this Court will, in the interest of justice, undertake a review of the Reconsideration Order using the guidelines of Vaccine Rule 36(b)(7), which provide that "the assigned judge may set aside the ruling only if it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

Greenberg v. Sec'y of Health & Human Servs., 2015 WL 6684703, at *2.

The above-captioned case, however, does not involve a motion for relief from a judgment under Vaccine Rule 36 (2018),[8] and neither the Federal Circuit's unpublished Opinion in <u>Greenberg</u> or the United States Court of Federal Claims' unpublished Opinion in <u>Greenberg</u> address the filing of a premature notice of appeal of a Special Master's interim Order. As discussed above, the court lacks jurisdiction over Ms. Gaiter's June 25, 2018 notice of appeal because the notice of appeal, whether construed as a notice of appeal or a motion for review, did not seek review of a Decision by a Special Master. Although a <u>pro se</u> petitioner, such as Ms. Gaiter, is entitled to "leniency," the petitioner's <u>pro se</u> status "cannot be construed as allowing the court to cast aside jurisdictional prerequisites." <u>See Baker ex rel. Baker v. Sec'y of Health & Human Servs.</u>, 61 Fed. Cl. 669, 671 (citations omitted), <u>appeal dismissed</u>, 112 F. App'x 35 (Fed. Cir. 2004). Such a limitation is consistent with the "age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." <u>See Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 818 (1988); <u>see also Johns-Manville Corp. v. United States</u>, 855 F.2d 1556, 1565 (Fed. Cir. 1988) ("Principles of equity do not support finding jurisdiction exists. A court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." (citation omitted)), <u>cert. denied</u>, 489 U.S. 1086 (1989). Although particularly unfortunate that the petitioner is caught in the jurisdictional quagmire of statutory appellate deadlines, the court cannot even "in the interest of justice" act when the court lacks jurisdiction over Ms. Gaiter's appeal of the Special Master's April 12, 2018 Order only dismissing part of Ms. Gaiter's claims. <u>See Weiss v. Sec'y of Health & Human Servs.</u>, 59 Fed. Cl. at 627 ("[T]here is no basis in the Vaccine Act, the Rules of the Court of Federal Claims or the Vaccine Rules to warrant the Court's review of this interim ruling.").

## CONCLUSION

The above-captioned case is **DISMISSED**.

**IT IS SO ORDERED**.

**MARIAN BLANK HORN**
**Judge**

---

[8] Vaccine Rule 36 states that, "after the entry of judgment," a party may file a motion for reconsideration under Rule 59 (2018) of the Rules of the United States Court of Federal Claims (RCFC) or RCFC 60 (2018). Under RCFC 59, "[w]ith the exception of a motion based on 'any fraud, wrong, or injustice . . . done to the United States,' a motion must be filed with 28 days of the date judgment entered." <u>Blake v. Sec'y of Health & Human Servs.</u>, No. 03-0031V, 2014 WL 7331948, at *4 (Spec. Mstr. Fed. Cl. Spec. Sept. 11, 2014) (omission in original) (quoting RCFC 59(b)); <u>see also</u> RCFC 59(b)(1)-(2). Motions under RCFC 60 "must be made within a reasonable time," and, if concerning a reason in RCFC 60(b)(1)-(3), must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c).